UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN S. WELLS** | **CIVIL ACTION** |
| **versus** | **NO. 12-2765** |
| **WARDEN LANCE MOORE** | **SECTION: "A" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

On October 19, 1998, petitioner, John S. Wells, pleaded guilty to monetary instrument abuse under Louisiana law. On that same date, he was sentenced to a term of two years imprisonment; however, that sentence was suspended, and he was placed on probation for two

years.[1] He did not seek direct review of either his conviction or sentence. He apparently completed his term of probation without incident.[2]

However, in 2007, he was convicted of distribution of cocaine under Louisiana law. He was sentenced on that conviction as a second offender to a term of fifteen years imprisonment, and his conviction and sentence were affirmed on direct appeal. State v. Wells, No. 2008 KA 0845, 2008 WL 6809590 (La. App. 1st Cir. Dec. 23, 2008). After unsuccessfully seeking post-conviction relief in the state courts, he filed a federal *habeas corpus* petition to challenge that conviction in this Court. That petition was dismissed with prejudice as untimely. Wells v. Moore, Civ. Action No. 12-1440, 2012 WL 3263745 (E.D. La. July 16, 2012), adopted, 2012 WL 3262887 (E.D. La. Aug. 9, 2012).

On or about November 9, 2012, petitioner filed the instant federal *habeas corpus* application challenging the validity of his **1998** conviction.[3] The state argues that this Court lacks jurisdiction to entertain that challenge.[4] The state is correct.

As the state notes, federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). Once a sentence imposed for a conviction has fully expired, a federal *habeas corpus* petitioner is no longer

---

[1] State Rec., Vol. I of II, transcript of October 19, 1998.

[2] See State Rec., Vol. I of II, Writ of *Habeas Corpus*, p. 2.

[3] Rec. Doc. 3.

[4] Rec. Docs. 13 and 14.

considered to be "in custody" with respect to that conviction. Maleng v. Cook, 490 U.S. 488, 492 (1989). Because petitioner completed his probation on the 1998 conviction long before he filed this federal application in 2012, the Court lacks subject matter jurisdiction to entertain this challenge to that conviction. See, e.g., McCormick v. Kline, 572 F.3d 841, 853 (10th Cir. 2009); Garey v. Ulibarri, 332 Fed. App'x 445, 446 (10th Cir. 2009); Reiner v. Remington, 217 Fed. App'x 681, 682 (9th Cir. 2007); Hilton v. Johnson, 82 Fed. App'x 521, 522 (9th Cir. 2003).

However, out of an abundance of caution, the Court makes an additional observation. Petitioner is currently incarcerated based on his 2007 conviction, and his sentence in that case was apparently enhanced based on the 1998 conviction. Therefore, this *habeas corpus* petition could be construed as a petition challenging that related multiple offender adjudication and sentence. Maleng, 490 U.S. at 493-94; Silvo v. Cain, Civ. Action No. 09-3692, 2009 WL 3151166, at *2 (E.D. La. Sept. 30, 2009). That said, it would be futile to construe the instant petition in that manner for the following reasons.

As noted, petitioner has already filed a § 2254 petition challenging his 2007 conviction and enhanced sentence, and that petition was dismissed with prejudice. As a result, he may not pursue another challenge to that conviction or sentence unless he first obtains authorization from the United States Fifth Circuit Court of Appeals to file a second or successive application. See 28 U.S.C. § 2244(b). Because he has not complied with that requirement, this Court may not entertain another challenge to the 2007 state criminal judgment.

The Court further notes that, in any event, a challenge to that multiple offender adjudication and sentence would be foreclosed by Lackawanna County District Attorney v. Cross, 532 U.S. 394 (2001). In Lackawanna, the United States Supreme Court stated:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Id. at 403-04 (citation omitted).

Petitioner's 1998 conviction is no longer open to direct or collateral attack, in that his sentence for that conviction has fully expired and his limitations period for any such attack ended long ago. Therefore, Lackawanna would clearly prohibit him from challenging his enhanced sentence in a § 2254 petition on the ground that the 1998 conviction was illegal. See Silvo, 2009 WL 3151166, at *2; Johnson v. Hubert, Civ. Action No. 08-688, 2008 WL 1746727, at *3 (E.D. La. Apr.11, 2008).[5]

---

[5] The Supreme Court noted that the Lackawanna prohibition would not apply when it is argued that the predicate conviction was unconstitutional because it was obtained where there was a failure to appoint counsel as required by Gideon v. Wainwright, 372 U.S. 335 (1963). Lackawanna, 532 U.S. at 404. However, that limited exception is clearly inapplicable in this case. The record reflects that petitioner was represented by attorney John Hogue in the 1998 proceeding. State Rec., Vol. I of II, transcript of October 19, 1998.

The Supreme Court further noted that the Lackawanna prohibition may not apply if the federal *habeas corpus* petition is, effectively, the first and only forum available for review of the challenge to the prior conviction. Lackawanna, 532 U.S. at 405; see also Flot v. Cain, Civ. Action No. 05-6439, 2007 WL 2491388, at *9 n.33 (E.D. La. Aug. 30, 2007). That potential exception is also inapplicable here. Louisiana law clearly allowed petitioner to assert his claims in a timely state post-conviction application directly challenging the 1998 criminal judgment. See La.C.Cr.P. art.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by John S. Wells be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this first day of April, 2013.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

926 *et seq*.  Petitioner also could have challenged the constitutionality of that conviction and its use to enhance his current sentence in the later multiple offender hearing, see La.Rev.Stat.Ann, § 15:529.1(D)(1)(b), and in any related appeal.

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.